**JUDGE SWAIN**

**10 CIV 4458**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARFAX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> **Demand for Jury Trial** <br><br>  |

  Plaintiff CARFAX, Inc. ("CARFAX"), by its undersigned attorneys, brings this Complaint to redress, among other things, Defendant Experian Information Solutions, Inc.'s ("Experian") continued acts of false and deceptive advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, deceptive business practices and false advertising under N.Y. Gen. Bus. Laws §§ 349 and 350, and common law unfair competition, as detailed herein.

## JURISDICTION AND VENUE

  1. This Court has subject matter jurisdiction over CARFAX's claims for false advertising pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction over CARFAX's related state law and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

  2. This Court has personal jurisdiction over Experian because Experian routinely conducts, solicits and/or transacts business within this judicial district and elsewhere in New York, is registered to do business in New York, derives substantial revenue from the sale, distribution and/or manufacture of goods or services within this judicial district and elsewhere in

New York, and/or has otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial and material part of the acts complained of herein occurred in this judicial district and will impact a substantial number of consumers and car dealers in this judicial district.

## THE PARTIES

4. Plaintiff CARFAX is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 5860 Trinity Parkway, Suite 600, Centreville, Virginia 20120.

5. Upon information and belief, Defendant Experian is a corporation organized and existing under the laws of Ohio and registered to do business in the State of New York.

## FACTS

### PARTIES

6. Founded in 1984 by Ewin Barnett III, CARFAX has become the leading provider of vehicle history information in North America. Each year, millions of consumers and car dealers rely on CARFAX® Vehicle History Reports™ ("CARFAX Reports") to obtain information about any used car or light truck model year 1981 or later. Specifically, using the unique 17-character vehicle identification number (VIN) associated with each vehicle, a CARFAX Report is generated from a database of over seven billion records. This report contains various information about the used vehicle, including title information, total loss, accident history, odometer readings, number of owners, lemon history, service records, state emissions inspection results, and more.

7. CARFAX prides itself on building and using the most comprehensive vehicle history database available in North America. CARFAX receives information from more than 34,000 data sources, including every U.S. and Canadian provincial motor vehicle agency and also auto auctions, fire and police departments, collision repair facilities, fleet management and rental agencies, and more. In addition, Carfax.com is one of the top five websites that consumers turn to for vehicle information, and receives millions of visitors each month. Thousands of auto dealers nationwide subscribe to Carfaxonline.com.

8. Upon information and belief, Experian offers a vehicle history reporting service and corresponding report for used vehicles under the name AutoCheck. AutoCheck reports compete directly with CARFAX Reports. Upon information and belief, AutoCheck reports include accident data from the State of New York.

### EXPERIAN'S FALSE AND DECEPTIVE ADVERTISING CAMPAIGN

9. Upon information and belief, in mid-2009, Experian launched its false and deceptive "Carfax vs. AutoCheck" advertising campaign on the Internet and at trade shows. This campaign falsely claims that Experian's AutoCheck reports provide twice the number of reported accidents than CARFAX Reports (the "2X Claims").

10. For example, the homepage of Experian's AutoCheck Members Site proudly – and falsely – boasts (as part of a multimedia advertisement): "We have it. They don't. AutoCheck reports 2X the accidents vs. Carfax. 2X the accidents. Better Price." Below are true and accurate screen captures from the AutoCheck Members Site promoting the 2X Claim:







*See* AutoCheck Members Site, located at http://www.autocheck.com/members/gateway.do (last accessed June 3, 2010) (red boxes added).

11.     Experian's 2X Claims on the AutoCheck Members Site are demonstrably and literally false and are neither supported, nor supportable, by valid statistical data. These false claims will mislead consumers and car dealers.

12.     Upon clicking on the "Get AutoCheck Today" link on Experian's AutoCheck Members Site, the user is brought to a page dedicated solely to a comparison of AutoCheck and CARFAX reports, which repeats the literally false and misleading claim that AutoCheck reports show twice the number of reported accidents than CARFAX Reports. Specifically, this page falsely states: "We've got it and they don't. Build confidence with 2X the reported accidents' compared to Carfax" and "AutoCheck offers the best vehicle history report in the industry, with twice the number of reported accidents as Carfax." Below is a true and accurate screen capture from the AutoCheck Members Site promoting the 2X Claim:

5



See "We've Got It and They Don't," located at

http://www.autocheck.com/members/learnMore.do?splashPage=true (last accessed June 3, 2010) (red boxes added).

13. As another example, the homepage of Experian's AutoCheck website proudly – and falsely – claims: "With 2X the accidents, find out why AutoCheck provides more value than Carfax!" and "AutoCheck Vehicle History Reports provide more reported accidents vs. Carfax!" Below is a true and accurate screen capture from the AutoCheck website promoting the 2X Claim:



See AutoCheck Homepage, located at http://www.autocheck.com (last accessed June 4, 2010) (red boxes added).

14.  Experian's 2X Claims on the AutoCheck Homepage are demonstrably and literally false and are neither supported, nor supportable, by valid statistical data. These false claims will mislead consumers.

15.  Upon clicking on the "Learn More" link on Experian's AutoCheck homepage, the user is brought to a page dedicated solely to a comparison of AutoCheck and CARFAX reports, which repeats the literally false and misleading claim that AutoCheck reports show twice the number of reported accidents than CARFAX Reports. Below is a true and accurate screen capture from the AutoCheck website promoting the 2X Claim:

7



See "Carfax vs. AutoCheck," located at http://www.autocheck.com/consumers/content/carfax-autocheck-compare.do#pipal (last accessed June 3, 2010) (red box added).

16.     Experian also displays on its AutoCheck website a multimedia advertisement, which falsely and misleadingly claims: "We Have It. They Don't. AutoCheck Reports 2X the Accidents vs. Carfax. 2X the Accidents. Better Price."

  

8

*See* Advertisement, located at http://www.autocheck.com/consumers/content/carfax-autocheck-compare.do (last accessed June 3, 2010).

17. Experian has knowingly and willfully constructed an entire advertising campaign out of the false and misleading 2X Claim. Experian's advertisements are likely to deceive or confuse consumers and car dealers and cause them to falsely believe that CARFAX Reports are not as reliable as AutoCheck reports.

18. To support its false and misleading 2X Claims, Experian relies upon, and cites to, a study purportedly conducted by Pipal Research. Upon information and belief, no valid study could possibly support the 2X Claim, because it is inherently and demonstrably false. CARFAX requested a copy of the Pipal Research study from Experian. Tellingly, Experian refused to provide it.

19. Upon information and belief, Experian has used and displayed, and intends to continue using and displaying, the false and misleading 2X Claim on its website and elsewhere. Experian's website is viewed by persons residing in this judicial district and elsewhere in New York and will mislead and harm consumers and car dealers in this judicial district and elsewhere in New York.

### FIRST CLAIM FOR RELIEF
### FALSE ADVERTISING
### (15 U.S.C. § 1125(a))

20. CARFAX repeats and incorporates by reference the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

21. Experian's acts and conduct, as described herein and otherwise, including without limitation its use and promotion of the 2X Claims, constitute false advertising because the false and misleading representations of fact misrepresents the nature, characteristics, and qualities of

9

the CARFAX Reports in commercial advertising, and are likely to cause, or have caused, consumers and car dealers to falsely believe, among other things, that Experian's AutoCheck reports are twice as good as and twice as reliable as CARFAX Reports. These claims are demonstrably false and violate 15 U.S.C. § 1125(a).

22. Experian is willfully, knowingly and intentionally making false and misleading representations of fact regarding the CARFAX Reports, and will continue making these false and misleading representations of fact in advertising unless enjoined by this Court, so as to intentionally deceive, mislead and confuse consumers and car dealers and the purchasing public into believing, among other things, that CARFAX Reports are inferior in quality and reliability to Experian's AutoCheck reports.

23. As a direct and proximate result of Experian's unlawful and deliberate acts and conduct, including the acts and conduct set forth herein, Experian has caused, and unless these acts and practices are enjoined by this Court, will continue to cause, immediate and irreparable harm to CARFAX, for which there is no adequate remedy at law, and for which CARFAX is entitled to preliminary and permanent injunctive relief.

24. As a direct and proximate result of Experian's acts and conduct, including the acts and conduct set forth herein, Experian has caused, and is likely to continue causing, substantial injury to the public and to CARFAX, and CARFAX is entitled to recover Experian's profits, actual damages, enhanced profits and damages, in an amount to be determined at trial, reasonable attorneys' fees and costs, treble damages and an order for impoundment pursuant to 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

## SECOND CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES AND FALSE ADVERTISING
(New York GBL §§ 349 and 350)

25. CARFAX repeats and incorporates by reference the allegations contained in paragraphs 1 through 24 above as though fully set forth herein.

26. Experian's use and promotion of the 2X Claims will materially mislead and deceive consumers and the public.

27. The foregoing acts and conduct of Experian constitute deceptive trade practices and false advertising in violation of Sections 349 and 350 of New York State General Business Law, *et seq.*

28. Upon information and belief, the foregoing acts and conduct of Experian have been willful and knowing and are likely to cause harm to the public.

29. As a direct and proximate result of Experian's conduct, including the acts and conduct set forth herein, CARFAX has been seriously and irreparably injured, and unless this conduct is enjoined by this Court, it will continue to cause, immediate and irreparable harm to CARFAX, for which there is no adequate remedy at law, and for which CARFAX is entitled to preliminary and permanent injunctive relief.

30. As a direct and proximate result of Experian's conduct, including the acts and practices set forth herein, Experian has caused, and is likely to continue causing, substantial injury to the public and to CARFAX, and CARFAX is entitled to recover damages, including enhanced damages, if available, in an amount to be determined at trial, and reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

31. CARFAX repeats and incorporates by reference the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

32. The foregoing acts and conduct of Experian, including without limitation the use and promotion of the 2X Claims, constitute unfair competition in violation of New York common law.

33. Upon information and belief, the foregoing acts and conduct of Experian have been willful and knowing.

34. As a direct and proximate result of Experian's unfair competition, CARFAX has been seriously and irreparably injured, and unless Experian's unfair competition is enjoined by this Court, it will continue to cause immediate and irreparable harm to CARFAX, for which there is no adequate remedy at law, and for which CARFAX is entitled to preliminary and permanent injunctive relief.

35. As a direct and proximate result of Experian's unfair competition, including the acts and conduct set forth herein, Experian has caused, and is likely to continue causing, substantial injury to the public and to CARFAX, and CARFAX is entitled to recover damages, including enhanced damages, if available, in an amount to be determined at trial.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff CARFAX, Inc. respectfully requests that the Court:

(1) Enter a judgment that Experian has engaged in false advertising pursuant to the Lanham Act, 15 U.S.C. § 1125(a);

(2) Enter a judgment that Experian has engaged in deceptive trade practices and false advertising pursuant to Sections 349 and 350 of New York General Business Laws;

(3) Enter a judgment that Experian has engaged in common law unfair competition;

(4) Order that Experian and each of its agents, officers, employees, representatives, successors, assign, attorneys and all other persons acting for, or on behalf of, Experian, or in concert or participation with Experian, be preliminarily and permanently enjoined from using or relying on the 2X Claims – or any similar claim – in any way;

(5) Order that Experian recall and destroy all documents and materials prepared in connection with and/or relating to the 2X Claims, and also to deliver to each customer and media outlet displaying the 2X Claims a copy of this order as it relates to the injunctive relief against Experian;

(6) Order that Experian be compelled to account to CARFAX for any and all profits derived by Experian's false advertising as described herein;

(7) Award CARFAX all damages, including enhanced damages caused by the acts forming the basis of this Complaint, including without limitation Experian's profits and CARFAX's actual damages and/or a license fee or reasonable royalty;

(8) Order that, based on Experian's knowing and intentional use of false advertising, the damages award be trebled and the award of CARFAX's profits be enhanced as provided for by 15 U.S.C. § 1117(a), New York GBL § 349, and/or as otherwise available under applicable;

(9) Order that Experian be required to pay to CARFAX the costs of this action and CARFAX's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), New York GBL § 349, and/or as otherwise available under applicable law; and

(10) Grant all such other and further relief to CARFAX as the Court may deem just.

## JURY TRIAL DEMAND

CARFAX, Inc. respectfully demands a trial by jury on all claims and issues so triable.

Dated: June 4, 2010

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ Gina M. McCreadie
Gina M. McCreadie (GM6189)
Jason C. Kravitz (*pro hac vice* to be requested)
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110
Tel: (617) 345-1000
Fax: (617) 345-1300
gmccreadie@nixonpeabody.com
jkravitz@nixonpeabody.com

*Attorneys for CARFAX, Inc.*